**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00026-MR-WCM**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **CHRISTOPHER GAGNE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal

Psychological Report [Doc. 37].

The Defendant moves for leave to file under seal the Psychological

Report [Doc. 36] to be used for the Defendant's sentencing on the grounds

that it contains private information.

The press and the public have, under both the First Amendment and

the common law, a qualified right of access to judicial documents and

records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access

extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the

public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New

Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion.  The Defendant's motion was filed on May 15, 2024, and has been accessible to the public through the Court's electronic case filing system since that time.  Further, the Defendant has demonstrated that the report at issue contains detailed medical and psychological information about the Defendant, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public

disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 37] is **GRANTED**, and the document filed as Document 36 shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 25, 2024

Martin Reidinger
Chief United States District Judge